UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| CRAIG CUNNINGHAM, § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| TRANZVIA, LLC; § | Civil Case No.: 4:16-cv-905 |
| ARRIS HOLDINGS, INC.; AND § | |
| DIRECT CONNECT BUSINESS § | |
| SERVICES, LLC § | |
| Defendants. § | |

**Plaintiff's Third Amended Complaint**

1. The Plaintiff in this case is Craig Cunningham, a natural person and is resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Tranzvia, LLC ("Tranzvia") has been served and appeared in this matter.

3. Arris Holdings, Inc. may be served via its registered agent Harvard Business Services, Inc., 16192 Coastal Hwy, Lewes, DE, 19958.

4. Direct Connect Business Services LLC may be served via its registered agent Corporation Service Company, DBA CSC Lawyers Incorporation Services, 211 E. 7th Street, Suite 620, Austin, TX 78701.

**Jurisdiction**

5. Jurisdiction of this court arises as the acts arose in this district.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and is headquartered in this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business within this District.

## PRELIMINARY STATEMENT

9. This case challenges Defendant's and its agents practice of making unsolicited phone calls using an automated dialer and pre-recorded messages to contact an individual on his cellular phone.

10. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from making or having an agent convey unsolicited prerecorded messages without the recipient's prior express invitation or permission or using an autodialer to call an individual on his cellular phone. The TCPA provides a private right of action and provides statutory damages of $1500 per call for violations of 47 USC 227(b) and $1500 per call for violations of 47 USC 227(c)(5) as codified under the regulations in 47 CFR 64.1200(d).

11. Unsolicited prerecorded messages and calls initiated with an automated telephone dialing system damage their recipients. They waste cellular phone time, data usage which is paid for by the plaintiff, and time that could otherwise be used to earn a wage.

## FACTUAL ALLEGATIONS

### Subject Matter Jurisdiction Evidencing Concrete Injury

12. With respect to the phone calls that were received by the plaintiff in this matter, the foregoing paid-for data was exhausted resulting from the defendants and their agents' phone calls (all of which were answered):

| Date  | Bandwidth used | CID           |
|-------|----------------|---------------|
| 02/01 | 193kb          | 615-251-4862  |
| 02/03 | 115kb          | same as above |
| 02/19 | 57kb           | 615-223-0141  |
| 02/24 | 616kb          | same as above |
| 02/25 | 86kb           | 615-226-6910  |
| 03/02 | 1.4mb          | 615-403-5238  |
| 03/02 | 162kb          | 615-217-1736  |
| 03/09 | 654kb          | 615-217-4005  |
| 11/16 | 99kb           | 734-430-8311  |
| 11/16 | 1kb            | 270-937-3052  |
| 11/23 | 202kb          | same as above |
| 12/08 | 4kb            | same as above |
| 12/13 | 644kb          | same as above |

13. The defendants in no way paid for the plaintiff's cellular phone or data plan, compensated the plaintiff for a proportionate amount of his cellular phone or data plan (even if small), or offered to reimburse the plaintiff for the plaintiff's time that was exhausted for taking the defendants' illegal phone calls.

14. The plaintiff is out money that he has earned and has suffered actual calculable harm. A way to determine the concrete injury incurred by the plaintiff is by taking the data used by the defendant, dividing it by the data available in his data plan, and multiplying that number by his monthly data plan rate. For example, the plaintiff pays $49.99 per month for his five-gigabyte data plan, and has lost approximately four megabytes of data usage.

With respect to this matter, the plaintiff is out approximately $0.29 as a result of the defendant's phone calls which uses his data plan's bandwidth. The defendant will acknowledge that had one hundred calls been made, the plaintiff might be able to show the existence of concrete harm. Additionally, the plaintiff makes approximately $500.00 per day and can calculate his income based on a minimum six minute increments. As a result of the defendants 13 phone calls, the plaintiff is out at least $70.00.

### Use of an Autodialer and Pre-recorded Messages

15. The Plaintiff needs to allege the following facts to show that the defendant violated the TCPA: (1) that the defendants or their agents made a call to plaintiff's cell or wireless phone, (2) by the use of an autodialer or a pre-recorded message, and (3) without prior express written consent of the called party. 47 USC § 227(b)(1)(A). The defendants have individual liability for making calls directly and vicariously liability for the actions of 3rd parties they hire to perform telemarketing on their behalf per multiple FCC rulings. The FCC has also ruled that under the concepts of actual authority, apparent authority, and ratification a TCPA seller may be held liable for the actions of a 3rd party contractor or agent acting on their behalf. Additionally, the Fifth Circuit has adopted a broader theory of vicarious liability familiar from the common law – that a master is subject to liability for his servant's torts if (a) the servant acts in the scope of his or her employment *or* (b)(if the act occurs outside of the scope of employment) the servant purports to actor speak on behalf of the master and there is reliance upon apparent authority *or* (c) the servant is aided in accomplishing the tort by the existence of the agency relationship. Restatement (Second) of Agency § 219(1958);*accord Am. Soc'y of Mech. Eng'rs, Inc. v. Hydrolevel*

*Corp* (*"ASME"*),456 U.S. 556, 565-566 & n.5 (1982). What is not required under the TCPA is that a Plaintiff allege he made a request to not receive telephone call. The FCC Stated *"We reiterate that the TCPA places no affirmative obligation on a called party to opt out of calls to which he or she never consented"* in FCC Opinion 15-72, otherwise known as the Dish Network petition. On January 4, 2008 the FCC released a Declaratory Ruling where it confirmed that autodialed calls or calls with pre-recorded messages to a wireless number are permitted only if the calls are made with the prior express consent of the called party, see FCC Declaratory ruling 02-278.

16. In 2016, the Plaintiff, received multiple unwanted and unwelcome calls from the Defendants and their agents on his cellular telephone number 615-217-4005. The Defendants used an autodialer and conveyed a pre-recorded message to the Plaintiff on behalf of Tranzvia. In fact, not only did Tranzvia's employee admit that Tranzvia used an autodialer, but incoming phone calls had characteristics of an autodialer. For example, at the beginning of the calls, the plaintiff observed an abnormal pause along with clicking after answering each of the calls that were made.

17. The defendants and their agents also conveyed pre-recorded messages to the plaintiff's cellular phone on the defendant's behalf (in order to solicit business for the Tranzvia.) In fact, Tranzvia, specifically referenced the pre-recorded message allegedly made by only the co-defendants in the at least one phone call it made to the plaintiff using an autodialer. No express consent was given to the defendant or the defendants agent to allow them to contact the plaintiff. While the Plaintiff is still in the process of identifying all phone calls, the Plaintiff has logged calls that he received and answered on 2/1/2016, 2/19/2016, 2/24/2016, 2/25/2016, twice on 3/2/2016, 3/9/2016, three times on

11/16/2016, 11/18/2016, twice on 11/23/2016, 12/8/2016, and 12/13/2016.  The plaintiff lost wages in tending to defendant's phone calls and lost portions of his data plan resulting from storing the messages.

18. The plaintiff is in possession of additional phone calls, which he suspects were made on behalf of the defendant.  Namely by Arris Business Holdings, Inc. and Direct Connect Business Services, LLC.  Due to the spoofing of numbers and the fact that the Tranzvia and Direct Connect call one back (using an autodialer) after a quasi-generic pre-recorded message is conveyed to the plaintiff on the defendant's behalf it is impossible to determine exactly how many additional calls were received by the plaintiff from the defendants individually and by and through their agents.  Additionally, because the standard to violate the TCPA is only whether the calls were attempted, and not whether the calls were received, only discovery produced by the defendants can reveal how many calls were attempted by the defendant and its agents.

19. After speaking to the Tranzvia employee Jason during the on 3/9/2016, Jason confirmed that he was working for Tranzvia directly.  He stated, *"Hello this is Jason with Tranzvia."*

20. Upon further inquiry from Mr. Cunningham, in response to the question "do they have you guys on a dialer system", Tranzvia's employee confirmed that they did.  Specifically, Jason further stated that he was "in Tranzvia's corporate office" and when further questioned, Jason confirmed that Tranzvia was using a dialer system to make phone calls to Mr. Cunningham's cellular phone. As is the proper nomenclature, a "dialer," as known in the industry, is a machine that has the capacity to (A) to store or produce numbers to be called, using a random or sequential number generator; and (B) to

dial such numbers. 47 U.S.C. § 227(a)(1) a/k/a an ATDS. Not only did Jason confirm that the Defendants used multiple caller ID numbers and spoofed the outgoing caller ID on repeated calls, to attempt to make tracking the calls difficult, which is also indicative of an ATDS being used, but Jason also confirmed that the number "popped up on his computer." Jason's statements did not in any way indicate that any human intervention caused the number to be dialed. In fact, only statements to the contrary were made.

21. Mr. Cunningham has also received numerous phone calls employing prerecorded messages that are made using an autodialer from Direct Connect Business Services, LLC and Arris Holdings, Inc. as they were placed to the number listed above at the times identified. These agents are not direct employees of Tranzvia, but are acting on Tranvia's behalf, who have also spoofed their phone numbers. What is known is that they were working exclusively on behalf of Tranzvia because once a message was left in response to their pre-recorded message, only Tranzvia returned the phone call. For example, Mr. Cunningham received numerous phone calls that do not emanate from Tranzvia directly. In these instances, at least one third party lead generation company, uses an autodialer (i.e. the pause and clicking associated with an autodialer are identified) and leaves a pre-recorded message (a separate violation of the TCPA), which then requests that Mr. Cunningham leave a message. Once the message is left, the message is then transmitted to Tranzvia who then returns your phone call. The company that makes the contact on Tranzvia's behalf never identifies who they are, but after further inquiry the plaintiff has learned their identity.

22. As such, discovery is required to get to the total number of calls and identity of all parties involved. Further, the calls made by Tranzvia and its agent were harassing.

## Actual Damages

23. Plaintiff has suffered actual injury as a result of the Defendants' telephone calls, including, but not limited to:

- Reduced Device storage space;
- Data usage;
- Plan usage;
- Lost time tending to and responding to the unsolicited phone calls;
- Lost wages;
- Invasion of Privacy and loss of concentration

## CAUSE OF ACTION:

## Violations of the Telephone Consumer Protection Act (TCPA)

24. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

25. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without the Plaintiff's consent to the Plaintiff's Cell phone.

## PRAYER

WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants for:

A. Statutory damages of $3000 for each phone call against each defendant;

B. Pre-judgment interest from the date of the phone calls;

C.  Attorney's fees for bringing this action as incurred; and

D.  Costs of bringing this action;

E.  That the court enjoin the defendants and their agents from additional violations by naming the telemarketers that they are using; and

F.   For such other and further relief as the Court may deem just and proper

**Dated:** March 29, 2017

/s/ Aaron K. Mulvey_____

Aaron K. Mulvey
**The Law Offices of Aaron K. Mulvey, PLLC**
518 N. Manus Dr.
Dallas, TX 75224
Tel: 214-946-2222
Aaron@MulveyLaw.com